**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: TIMOTHY R. SMYTH**
Assistant City Attorney, SBN 258661
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Tel: (707) 648-4545
Fax: (707) 648-4687
Email: timothy.smyth@cityofvallejo.net
*Attorneys for Defendants, CITY OF VALLEJO,
VALLEJO POLIC EDEPARTMENT*

**WENDY H. CHAU ESQ., SBN 278801**
**LAW OFFICES OF WENDY H. CHAU**
580 California Street, Suite 1200
San Francisco, CA 94101
Telephone: (415) 539-6116
Facsimile: (888) 958-1953
Email: info@attorneychau.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH LAKE, | Case No: 2:19-cv-01439-KJM-KJN |
| Plaintiff, | |
| vs. | **STIPULATION FOR PROTECTIVE ORDER AND ORDER** |
| CITY OF VALLEJO, et al. | |
| Defendants. | |

IT IS HEREBY STIPULATED BY ALL PARTIES to this action by and through their attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed are subject to a protective order and designated as "Confidential Material" as follows:

1. "Confidential material" which qualifies for protection under this agreement and under Federal Rule of Civil Procedure 26(c) and for which public disclosure is likely to result in particularized harm and violate privacy interests recognized by law, includes, but is not limited to, the following information (regardless of how it is generated, stored or maintained) or tangible things:
    a. Personnel file records of any peace officer;
    b. Medical records.
    c. Social security numbers and similar sensitive identifying information (unless redacted by order or by agreement of all parties).
    d. Any relevant citizen complaints and internal affairs investigations, including allegations of excessive force or alleged dishonesty against any to-be-named City Officers within the last five years.
    e. Police records which would potentially disclose confidential informant information, or in any way compromise an ongoing criminal investigation.
2. Confidential material may not be disclosed except as set forth in paragraphs 3- 5.
3. Confidential Material may be disclosed only to the following persons:
    a. Counsel for any party to this action.
    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 3(a);
    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;
    d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    e. Any "in house" expert designated by defendants to testify at trial in this matter;

    f. Witnesses, other than the plaintiffs herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

    g. Any Neutral Evaluator or other designated ADR provider;

    h. Parties to this action; and

    i. The jury, should this matter go to trial.

  4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to the enforcement of this order. Defendant City of Vallejo and the named defendant herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

  5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as

they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to defendants.

6. Should a party intend to file Confidential Material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (through their attorneys), in writing and filed with the court, no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of Confidential Materials beyond the terms of this order.

9. Upon receipt of this Protective Order and disclosure of the Confidential Material, it will be presumed that plaintiffs know the contents of this Protective Order, understand the provisions of this Protective Order and consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this Protective Order.

10. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose.

Case No. 2:19-cv-01439-KJM-KJN  **STIPULATION FOR PROTECTIVE ORDER AND ORDER**

**-4-**

11. Violation of the terms of this Protective Order <u>MAY SUBJECT</u> a party to any and all permissible SANCTIONS, including dismissal.

DATED: January 9, 2020                    Respectfully Submitted,

                                      */s/ Timothy R. Smyth*
                                      TIMOTHY R. SMYTH
                                      Assistant City Attorney
                                      Attorney for Defendants,
                                      CITY OF VALLEJO, et al.

DATED: January 9, 2020
                                      */s/ Wendy H. Chau*
                                      WENDY H, CHAU
                                      Attorney for Plaintiffs

## **ORDER**

The Court has reviewed the parties' stipulated protective order, which comports with the relevant authorities and the Court's applicable local rule. <u>See</u> L.R. 141.1(c);[1] <u>see also</u> <u>Phillips ex</u>

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

    (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
    (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") Therefore, the Court GRANTS the request subject to the following clarification.

The parties' intent as to the duration of this protective order is unclear. (See, e.g., ¶ 9 of the stipulation, supra.) This Court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case, and the Court will not do so here. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., February 03, 2017). Based on this rationale, the Court will not retain jurisdiction over this protective order once the action is closed.

**IT IS SO ORDERED.**

Dated: January 21, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake.1439