UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAKE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>        Defendants. | No. 2:19–cv–1439–KJM–KJN<br><br>ORDER<br><br>(ECF Nos. 47, 48, 49, 50, 52, 53, 54, 57.) |

On December 3, 2020, the court held a hearing on plaintiff's motions to compel, motion to extend the discovery deadline, and motion for relief. (ECF Nos. 47, 48, 49, 50, 52, 53, 54, 57.) Attorney Wendy Chau appeared on behalf of plaintiff, and attorney John Whitefleet appeared on behalf of defendants. For the reasons discussed at the hearing, it is HEREBY ORDERED that:

1. Plaintiff's motion for relief (ECF No. 57) is GRANTED to the extent that the court and parties agreed to discuss the merits of plaintiff's motions to compel, despite plaintiff's counsel's failure to follow the court's order regarding the October 30 deadline. Pursuant to an agreement of the parties, the court declines to issue sanctions against plaintiff on this issue;

2. Plaintiff's motion to compel defendant to pay for costs associated with Officer Cano's deposition (ECF No. 48) is DENIED;

3. Plaintiff's motion to compel the deposition of Sgt. Aspergan (ECF No. 47) is

GRANTED IN PART.  The court grants plaintiff an additional 90 days to depose Aspergan.  However, given Aspergan's current condition, the deposition shall take place sometime between February 1, 2021 and March 1, 2021.  Should defendants believe another extension of time be needed for Aspergan's deposition, defendants shall confer with plaintiff and submit a stipulation on such an extension (or submit a motion to the court if needed);

4. Plaintiff's Motion to Compel the Deposition of City Manager Nyhoff (ECF No. 49), the Deposition of "Persons Most Knowledgeable" (ECF No. 50), Responses to Plaintiff's Request for Production of Documents Set 1 (ECF No. 52), and Production of Mental Health Records and Answers to Deposition Questions Regarding Stress (ECF No. 54) are DENIED WITHOUT PREJUDICE.  After the pleadings are set, the parties shall confer on the remaining discovery to be conducted (based on what claims are operative after the district court's order on the pleadings).  If—after conferring— plaintiff believes defendants are withholding discoverable information, plaintiff may revise and resubmit these motions to assert more-focused arguments as to the relevance and discoverability of each particular deposition, document, or question;

5. Plaintiff's motions for sanctions (see ECF Nos. 47-1, 48-1, 49-1, 50-1, 52-2, 53-1), to the extent they are properly before the court, are DENIED;

6. Plaintiff's motion for extension of time (ECF No. 53) is GRANTED IN PART and DENIED IN PART. Specifically:

    a. The expert disclosure deadline for plaintiff's police-practices expert is extended.  Plaintiff shall have 30 days—starting from the date of the district court's order on the pending motions to strike and to permit amendment—to submit an expert disclosure on this topic.  An extension of time on this issue may be submitted to the undersigned by motion, minding the district court's admonition in Section X of the December 23, 2019 pretrial scheduling order;

    b. Plaintiff shall have 14 days from the date of this order to submit any rebuttal expert on plaintiff's medical condition.  This disclosure shall conform to the

2

        Federal Rules of Civil Procedure, and no further extension will be granted on this issue;

   c. After the district court solidifies the pleadings, plaintiff may confer with defendants on disclosing any additional experts to be retained.  If defendants' do not agree on an extension, plaintiff may submit a focused motion to the court on why this new expert should be allowed to testify at trial despite the November 1, 2020 deadline;

   d. Similarly, if after the district court solidifies the pleadings and defendants have disclosed relevant documents, plaintiff requires an extension of time to conduct fact discovery, the parties shall confer on modest extensions of time to effectuate this discovery.  If defendants' do not agree on an extension in any particular area, plaintiff may submit a focused motion to the court on why this fact discovery should be compelled despite the fact-discovery deadline;

7. The parties shall confer on a stipulation regarding the sealing of any documents; and

8. The parties are required to communicate as professionals and confer on any other outstanding discovery prior to submitting lengthy motions to the court.  A failure to heed this admonition may result in sanctions on either, or both, parties.

Dated:  December 4, 2020

*[Signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake.1439