UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAKE,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF VALLEJO, et al.,<br><br>        Defendants. | No. 2:19–cv–1439–KJM–KJN<br><br>ORDER<br><br>(ECF No. 88.) |

Currently before the court is defendants' motion for sanctions, wherein they move to strike/exclude two of plaintiff's rebuttal expert witnesses.[1] (ECF No. 88.)

The court held a hearing on the matter on May 20, 2021, where attorney Wendy Chau appeared on behalf of plaintiff and attorney John Whitefleet appeared on behalf of defendants. (ECF No. 91.)

For the reasons discussed below and at the hearing, the court GRANTS defendants' motion to exclude any expert rebuttal testimony from Drs. Siegal and Parkin.

///
///
///

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b) and Local Rule 302(c)(1).

1

**Background**

This case concerns the alleged use of excessive force by individual officers of the City of Vallejo against plaintiff in July of 2018. (See ECF No. 69.) According to the complaint, plaintiff approached defendant officers at a crime scene in an attempt to be a "Good Samaritan." While some officers accepted plaintiff's help, two officers who later arrived on the scene allegedly detained plaintiff without reasonable suspicion. These officers allegedly physically restrained and assaulted plaintiff, including restraining his arms. Plaintiff asserts he informed the officers that his arm was broken and had little range of movement, but they did not listen.

Defendants timely disclosed experts pursuant to the court's pretrial scheduling order. (See ECF No. 38.) Included in those disclosures was non-retained expert Jonathan Lee Taylor, PA, who treated plaintiff on the day of the 2018 incident. (See ECF No. 88-2 at ¶ 2.) Plaintiff did not disclose any expert witnesses on this topic, but in late November 2020 requested additional time to do so. (See ECF No. 57.) After a December 2020 hearing, the undersigned granted plaintiff, among other things, an additional 14 days from the date of the December order "to submit any rebuttal expert on plaintiff's medical condition." (ECF No. 63.)

Thereafter, plaintiff disclosed to defendants his intent to call two orthopedic surgeons, Dr. Steven Siegal and Dr. Jay Parkin, who treated plaintiff in 2010 for a broken arm after a car crash. (See ECF No. 88-2 at Ex. A.) Plaintiff's disclosures stated these surgeons "will rebut any anticipated testimony disputing plaintiff's pre-existing injury, its range of motion and level pain or possible damage if placed in a position from the limited range." (Id.) Counsel for the parties conferred over defendants' argument that these witnesses were not proper rebuttal experts, and were instead expected to testify to matters that were either irrelevant or that went to plaintiff's case in chief (i.e. the scope of plaintiff's injuries because of certain officers' use of force in 2018). (See Id. at ¶¶ 5-6.) Thereafter, defendants moved to strike the two witnesses under Rule[2] 37(c); plaintiff opposed, defendants replied, and the court held a hearing on the matter on May 20, 2021. (ECF Nos. 88, 89, 90, 91.)

---

[2] Reference to the "Rule(s)" are to the Federal Rules of Civil procedure, unless otherwise noted.

**Legal Standards**

Rule 26 requires parties to disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Rule 26(a)(2)(A). For each "retained" expert, the expert witness disclosure be accompanied by a written report prepared and signed by the witness containing: (1) a complete statement of all opinions and the basis and reasons therefor; (2) the data or other information considered by the witness in forming the opinions; (3) any exhibits to be used as a summary of or support for the opinions; (4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Rule 26(a)(2)(B). An expert's report must be "detailed and complete." Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 300 (D. Nev. 1998) (quoting Sierra Club v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996)). Disclosure of a non-retained expert must state: (1) the subject matter on which the witness is expected to present evidence, and (2) a summary of the facts and opinions to which the witness is expected to testify. Rule 26(a)(2)(C). The Ninth Circuit has held that a non-retained expert such as "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011).

The expert witness disclosure requirement is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. See Adv. Comm. Notes to 1993 Amendments. Both the Rule 26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." Brown v. Providence Med. Ctr., 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011).

As to the opposing party's disclosure of rebuttal experts—those with evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)"—Rule 26 requires disclosure within 30 days of the initial disclosure. Rule 26(a)(2)(D)(ii). "The function of rebuttal testimony is to explain, repel, counteract or

disprove evidence of the adverse party." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 749, 759 (8th Cir. 2006). However, if the rebuttal expert's testimony is offered to "contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one." Amos v. Makita U.S.A., 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (citing In re Apex Oil Co., 958 F.2d 243, 245 (8th Cir. 1992)); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105–06 (9th Cir. 2001) (affirming the trial court's exclusion of an expert who was improperly disclosed as a rebuttal expert).

"A party's failure to comply with the rules regarding expert witnesses exposes that party to sanctions under [Rule] 37(c)." Gorrell v. Sneath, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at *2 (E.D. Cal. Aug. 26, 2013). If a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Rule 37(c)(1); see also Yeti, 259 F.3d at 1106 (noting the court may also impose lesser sanctions under the "particularly wide latitude [of] the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth" to the Rule 26(a) disclosure requirements."). Rule 37(c)(1) is a "recognized broadening of the sanctioning power," which the Federal Rules Advisory Committee described as a "self-executing," "automatic" sanction to "provide[] a strong inducement for disclosure of material . . . ." Adv. Comm. Notes to 1993 Amendments. "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R&R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

When determining whether to impose Rule 37(c)(1)'s exclusionary sanction, the district court is to consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wendt v. Host International, Inc., 125 F.3d 806, 814 (9th Cir. 1997); see also Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. App'x 705, 713 (9th Cir. 2010) (explaining that these five factors should be considered when deciding whether the untimely disclosure was harmless).

**Analysis**

After some discussion with counsel at the hearing, it is clear to the court that plaintiff's intent in calling the two physicians who treated plaintiff's broken arm in 2010 is not to merely establish that plaintiff, in fact, had a broken arm.[3] Instead, plaintiff appears to wish for these two physicians to testify as to the effect of the 2018 officers' force on plaintiff's arm—by moving it into position(s) beyond what his range of motion allegedly is. Although these two doctors could be considered treating physicians subject to the limited disclosure requirements of Rule 26(a)(2)(C), plaintiff's intended questions go much further than the limited issues about "the course of treatment" in 2010. Goodman, 644 F.3d at 826. Thus, the anticipated testimony would only be allowed—either from these two physicians or from some other expert—as part of plaintiff's case-in-chief about the scope of his damages due to the officers' alleged use of force. See, e.g., Clear–View Technologies, Inc. v. Rasnick, 2015 WL 3509384, *2-5 (N.D. Cal. June 3, 2015) (construing a party's expert disclosure beyond the permissible scope of rebuttal expert testimony where the expert was expected to opine on a matter on which the party had the ultimate burden of proof); Amos v. Makita, U.S.A., Inc., 2011 WL 43092 at *2 (D. Nev. Jan. 6, 2011) (same).

---

[3] Plaintiff's briefing on this issue appeared to indicate he intends to call the two 2010 physicians to discuss the fact of plaintiff's prior broken arm and metal pins. At the hearing, the court indicated that the exclusion of these two physicians was subject to one caveat, regarding whether the two doctors could serve as <u>fact</u> witnesses to <u>rebut</u> any testimony that plaintiff did not break his arm in 2010.

However, at the hearing counsel appeared to go beyond this argument, indicating she wished to question the 2010 physicians about the effect of plaintiff's limited range of motion—which goes beyond the mere fact that his arm had been broken eight years prior. Further complicating matters, counsel for plaintiff has not (as of this hearing) spoken to Drs. Siegel or Parkin about what their testimony might be, and the court is not sure whether that testimony would be based on the Drs. memory of plaintiff's arm injury, their recollection as refreshed from the 2010 medical records, or their opinion based on a review of any materials outside of their treatment of plaintiff in 2010.

Further, it is unclear at this time whether any of defendants' witnesses will actually be testifying that plaintiff had never broken his arm, as plaintiff's counsel indicated she has yet to depose PA Taylor and so appeared unaware of what his testimony might be. Thus, the court's order focuses on the exclusion of Dr. Siegel and Dr. Parker as expert rebuttal witnesses. The court leaves to the discretion of the trial judge, either in a motion in limine or during the course of trial, the matter of whether Drs. Siegel or Parkin might be needed as fact-only treating physician witnesses.

5

| | |
|---|---|
| 1 | Given this context, defendants' arguments regarding Dr. Siegel and Dr. Parkin are well |
| 2 | taken. As noted in the December 2020 order, the undersigned allowed for plaintiff to disclose |
| 3 | rebuttal experts on plaintiff's medical condition. (See ECF No. 63 at ¶ 6b.) However, due to |
| 4 | plaintiff's failure to meet the initial-disclosure deadlines, he was otherwise barred from disclosing |
| 5 | any experts on his medical condition—an issue that goes to plaintiff's injuries and therefore is |
| 6 | plaintiff's burden to prove. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 |
| 7 | (9th Cir. 2001) (denying claim because plaintiff failed to meet her burden of proof of providing |
| 8 | specific facts to show that she sustained actual injuries). Further, plaintiff may not offer the |
| 9 | testimony of Dr. Siegel or Dr. Parkin merely to show plaintiff did, in fact, have a broken arm in |
| 10 | 2010, as this would be improper bolstering. See United States v. Whitted, 11 F.3d 782, 785-86 |
| 11 | (8th Cir. 1993) (noting a doctor "cannot pass judgment on the alleged victim's truthfulness in the |
| 12 | guise of a medical opinion, because it is the jury's function to decide credibility"). |
| 13 | Finally, allowing plaintiff to call these two witnesses as rebuttal experts runs the risk of |
| 14 | prejudicing defendants, entangling the court in the scope of the physicians' testimony during trial |
| 15 | and potentially confusing the jury. Wendt, 125 F.3d at 814; Lanard Toys, 375 Fed. App'x at 713. |
| 16 | Preclusion of these experts does not impede plaintiff from putting his case before the jury and |
| 17 | receiving a decision on the merits. Thus, the court finds it proper to exclude Dr. Siegel and Dr. |
| 18 | Parkin as rebuttal expert witnesses. See Yeti, 259 F.3d at 1105–06 (affirming the trial court's |
| 19 | exclusion of an expert who was improperly disclosed as a rebuttal expert). |

**ORDER**

Accordingly, it is HEREBY ORDERED that defendants' motion to exclude the expert rebuttal testimony of Drs. Siegal and Parkin (ECF No. 88) is GRANTED.

Dated: May 21, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake.1439