UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH LAKE,

Plaintiff,

v.

CITY OF VALLEJO, et al.,

Defendants.

No. 2:19–cv–1439–KJM–KJN

ORDER STAYING DISCOVERY

On July 6, 2021, plaintiff filed a motion to extend the fact discovery deadline of July 30, 2021, asserting he needs more time to compel defendants to produce of a Rule 30(b)(6) witness regarding his Monell and Negligent Training claims, as well as more time to file other motions to compel and conduct discovery. (ECF No. 93.) The motion was improperly set for a hearing less than 28 days from the date of the filing (see Local Rule 230(b)), so the court sua sponte reset the hearing for August 5, 2021. (ECF No. 95.) Plaintiff then filed an ex parte application to shorten time, which the court granted, thus setting the hearing on plaintiff's motion to alter the scheduling order for July 29, 2021. (ECF No. 96, 97.) Defendants opposed the motion to extend the discovery deadlines, asserting plaintiff failed to show good cause to modify the scheduling order because plaintiff's counsel failed to diligently pursue discovery in the prior eight months; plaintiff filed a reply. (ECF No. 99, 100.)

///

On July 9, 2021, plaintiff filed a notice of motion to compel a Rule 30(b)(6) witness regarding the Monell and Negligent Training claims, setting the matter for an August 5 hearing. (ECF No. 98.) Alongside the notice of motion, plaintiff filed a fully-briefed motion and over 200 pages of exhibits. (ECF Nos. 98-1 to -3.) This, despite the clear instructions of the court's local rules. See Local Rule 251(a) ("hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37 . . ., may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service. **No other documents need be filed at this time**.") (emphasis added); 251(b) (noting that motions to compel discovery "shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement."). This filing was also done despite the clear instruction in the district judge's scheduling order that all motions to compel be heard by the close of fact discovery. (See ECF No. 14 ("All discovery shall be completed by [the discovery deadline]. In this context, 'completed' means that all discovery shall have been conducted so that all depositions have been taken and **any disputes relative to discovery shall have been resolved by appropriate order if necessary** and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.") (emphasis added).)

Despite plaintiff's procedural failures, the court is cognizant of a key practical reality: defendants have a motion to dismiss pending on plaintiff's second amended complaint, and plaintiff has pending a motion to amend to file a third amended complaint. (ECF Nos. 74, 80.) These motions are currently under submission with the assigned district judge (ECF No. 84), and what discovery will be allowed, if any, is heavily dependent on the district court's forthcoming decisions on the pleadings (which could range from a dismissal of the bulk of plaintiff's claims—which would require no further discovery—through the addition of two new claims—which would then require relevant discovery).

///

///

For the above reasons, as well as those discussed at the hearing and agreed to by the parties, it is HEREBY ORDERED that:

1. All discovery in this case, including the currently pending motion for extension of time and motion to compel the 30(b)(6) deposition, is STAYED;
2. Within 14 days of the district court's order on the motion to dismiss and motion to amend, the parties shall confer on the scope of remaining discovery, and file (before the undersigned) a request to lift the stay. Alongside this request, the parties shall include a joint statement with arguments about how they intend to proceed with the remainder of the case. At that time, the undersigned will take up—if necessary—plaintiff's motion to alter the discovery deadlines and motion to compel the 30(b)(6) deposition; and
3. Given the above, the hearing on plaintiff's motion to compel, currently set for August 5, 2021, before the undersigned, is VACATED.

Dated: July 30, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake.1439