UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>    Defendants. | No. 2:19-cv-01439-DAD-KJN<br><br>DENYING PLAINTIFF'S MOTIONS TO EXTEND CLOSE OF DICOVERY AND TO COMPEL PMK DEPOSITION WITHOUT PREJUDICE<br><br>(Doc. Nos. 93, 98.) |

On July 6, 2021, plaintiff filed a motion to modify the December 23, 2019 scheduling order (Doc. No. 14) issued in this case and to extend the time for discovery. (Doc. No. 93.) Shortly thereafter, on July 9, 2021, plaintiff filed a motion to compel a person most knowledgeable deposition. (Doc. No. 98.) The defendants opposed both motions. (Doc. Nos. 99, 100, 101.) On July 29, 2021, the assigned magistrate judge heard the motions. (Doc. No. 103.) On July 30, 2021, the magistrate judge issued an order staying discovery in this action including any ruling on plaintiff's two pending discovery related motions while awaiting the previously assigned district judge's order addressing the then-pending defendants' motion to dismiss and plaintiff's motion to amend the complaint. Specifically, the magistrate judge's order stated:

> [T]he court is cognizant of a key practical reality: defendants have a motion to dismiss pending on plaintiff's second amended complaint, and plaintiff has pending a motion to amend to file a third amended

1

>complaint. (ECF Nos. 74, 80.) These motions are currently under submission with the assigned district judge (ECF No. 84), and what discovery will be allowed, if any, is heavily dependent on the district court's forthcoming decisions on the pleadings (which could range from a dismissal of the bulk of plaintiff's claims—which would require no further discovery—through the addition of two new claims—which would then require relevant discovery).
>
>* * *
>
>1. All discovery in this case, including the currently pending motion for extension of time and motion to compel the 30(b)(6) deposition, is STAYED;
>
>2. Within 14 days of the district court's order on the motion to dismiss and motion to amend, the parties shall confer on the scope of remaining discovery, and file (before the undersigned) a request to lift the stay. Alongside this request, the parties shall include a joint statement with arguments about how they intend to proceed with the remainder of the case. At that time, the undersigned will take up—if necessary—plaintiff's motion to alter the discovery deadlines and motion to compel the 30(b)(6) deposition[.]

(Doc. No. 104 at 2–3.)

However, after the issuance of this order staying discovery and resolution of the two discovery related motions, no order resolving the then-pending motions to dismiss and to amend was issued, due in large part to the fact that only two of four authorized judgeships in the Sacramento federal courthouse were filled along with the impact of the COVID-19 pandemic. On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 106.) The undersigned finally heard the motions to dismiss and to amend on December 14, 2022. (Doc. No. 112.) At that hearing the court granted defendants' motion to dismiss in part but also granted plaintiff leave to file a third amended complaint and denied plaintiff's separate motion to amend. (*Id.*) Plaintiff filed a third amended complaint on January 13, 2023 (Doc. No. 117) and defendants filed another motion to dismiss on January 27, 2023 (Doc. No. 119), which the court heard on March 7, 2023 (Doc. No. 123). At the hearing, the court took the latest motion to dismiss under submission for issuance of a written decision which has not yet been issued.

Under these circumstances and with the status of the pleadings in this case still unsettled, it is no longer efficient to keep the long-pending discovery related motions (Doc. Nos. 93, 98) stayed and under submission. Among other reasons, those motions have been rendered obsolete

over the 20-months that have passed after the resolution of them was stayed. Once the court has an operative complaint before it that has survived a motion to dismiss, if that takes place, the court will address the scheduling of further proceedings in this action.

For these reasons plaintiff's motions to modify the scheduling order and to extend the time for discovery (Doc. No. 93) and to compel a person most knowledgeable deposition (Doc. No. 98) are denied without prejudice to their renewal, if appropriate, once the status of the pleadings in this action is resolved. If plaintiff wishes to renew these two motions at the appropriate time, plaintiff may do so and is authorized, to the extent they remain applicable, to incorporate the content of the previously filed motions merely by reference in any renewed motion.

IT IS SO ORDERED.

Dated: **March 30, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3