1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JOSEPH LAKE,                          No. 2:19-cv-01439-DAD-KJN
12                    Plaintiff,
13        v.                               ORDER GRANTING IN PART AND
                                           DENYING IN PART DEFENDANTS'
14   CITY OF VALLEJO, et al.,              MOTION TO STRIKE/DISMISS
15                    Defendants.          (Doc. No. 128)
16

This matter is before the court once again, this time on defendants' motion to strike and/or dismiss filed pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6). (Doc. No. 128.) On August 24, 2023, the court took the matter under submission pursuant to Local Rule 230(g). (Doc. No. 133.) For the reasons explained below, the court will grant in part and deny in part defendants' motion.

## BACKGROUND

On July 10, 2023, plaintiff Joseph Lake filed his operative fourth amended complaint ("4AC") in this civil rights action against defendants City of Vallejo, City of Vallejo Police Department, City Council of the City of Vallejo, police officer Anthony Romero-Cano, police officer Travis Aspegren, police sergeant Theodore J. Postolaki, and police officer Timothy Nichols. (Doc. No. 127.) This court previously dismissed plaintiff's second and third amended complaints following motions to dismiss filed by defendants. (Doc. Nos. 112, 126.) In the

1

1   court's last order, it granted plaintiff limited leave to amend to "add state law claims for assault

2   and battery" and "for the limited purpose of alleging additional incidents" supporting an inference

3   of a sufficiently frequent custom and practice as is required in order for a plaintiff to allege a

4   cognizable municipal liability claim.  (Doc. No. 126 at 20, 26.)  However, in plaintiff's 4AC, he

5   has instead asserted several new claims, including a First Amendment violation that was added to

6   his third claim; a state law claim brought under the Thomas Bane Civil Rights Act, California

7   Civil Code § 52.1 ("Bane Act"); a state law claim brought under the Ralph Civil Rights Act,

8   California Civil Code § 51.7 ("Ralph Act"); a state law claim for battery; and a state law claim for

9   false arrest and false imprisonment.  (Doc. No. 127 at ¶¶ 190, 243–64.)

10      On July 24, 2023, defendants filed the pending motion seeking to strike and/or dismiss all

11  of the newly added claims to plaintiff's 4AC.  (Doc. No. 128.)  On August 17, 2023, plaintiff

12  filed his opposition to the pending motion (Doc. No. 131), and defendants filed their reply on

13  August 23, 2023.  (Doc. No. 132.)

14                                    **ANALYSIS**

15      The court will first address that aspect of defendants' motion brought under Rule 12(f)

16  seeking to strike newly added claims from plaintiff's 4AC as being outside the scope of the leave

17  to amend granted by the court in its last order.  The court will then turn to defendants' alternative

18  argument brought under Rule 12(b)(6) that all of plaintiff's state law claims are also barred due to

19  his failure to comply with certain procedures mandated by the California Tort Claims Act

20  ("CTCA").

21   **A.    Motion to Strike**

22      "The function of a 12(f) motion to strike is to avoid the expenditure of time and money

23  that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"

24  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v.*

25  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  A

26  decision on whether to strike certain material is committed to the sound discretion of the district

27  court.  *Id.*; *Fed. Sav. & Loan Ins. Corp. v Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

28  "Pursuant to Rule 12(f), a court may strike claims from any pleading for failure to comply with

                                          2

1    the court's orders." *Harrell v. City of Gilroy*, No. 17-cv-05204-LHK, 2018 WL 2383212, at *5

2    (N.D. Cal. May 25, 2018) (citation omitted).

3         In defendants' pending motion, they argue that plaintiff was granted leave to amend "only

4    in a limited manner" and was "not granted leave to add a First Amendment claim as now asserted

5    in the 'third' claim for relief, nor add state law claims for the Bane and Ralph Acts, or false

6    arrest/imprisonment claims." (Doc. No. 128 at 4.) Defendants contend that the court only

7    authorized leave to amend as to plaintiff's battery claim. (*Id.*) The court agrees with defendants

8    that those newly added claims fall outside the scope of the limited leave to amend the court

9    granted in its prior order. (*See* Doc. No. 126 at 20, 22, 26); *see also Ketab Corp. v. Mesriani &*

10   *Assocs.*, No. 2:14-cv-07241-RSWL-MRW, 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015)

11   ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have

12   held that new claims alleged for the first time in the amended pleading should be dismissed or

13   stricken.").

14        Plaintiff argues in his opposition that his newly asserted claims "are all various forms of

15   assault and battery" and therefore fall within the scope of the leave to amend granted. (Doc. No.

16   131 at 9.) However, plaintiff does not present any legal authority supporting that proposition. In

17   fact, California law and common sense indicate that all of the newly proposed claims are separate

18   legal theories of liability because the elements of claims for violation of the Bane Act, violation

19   of the Ralph Act, and for false imprisonment are distinct from what is required in order to state a

20   cognizable claim for assault and battery. For example, the elements for false imprisonment do

21   not require threatening to touch the plaintiff in a harmful or offensive manner, or even touching

22   the plaintiff at all, as is required to assert assault and battery claims, respectively.[1] *Compare*

23   *Acevedo v. City of Farmersville*, No. 1:18-cv01747-LJO-SAB, 2019 WL 3003996, at *4–5 (E.D.

24   Cal. July 10, 2019) (explaining that "assault is based on a person's belief that he is about to be

---

[1] In plaintiff's 4AC, he asserts a claim for "false arrest and false imprisonment" as his ninth
cause of action, but the court treats them as one claim. *See Kollin v. City of Tehachapi*, No. 1:18-
cv-00617-LJO-JLT, 2018 WL 4057491, at *10 (E.D. Cal. Aug. 24, 2018) ("Under California law,
false arrest and false imprisonment are not separate torts. Rather, 'false arrest is but one way of
committing a false imprisonment.'") (quoting *Collins v. City & Cnty. of San Francisco*, 50 Cal.
App. 3d 671, 673 (1975)).

1    touched in an offensive manner by another" and battery requires "intentionally perform[ing] an

2    act that resulted in a harmful or offensive contact with the plaintiff's person") *with Easton v.*

3    *Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000) ("The elements of a tortious claim of false

4    imprisonment are:  (1) the nonconsensual, intentional confinement of a person, (2) without lawful

5    privilege, and (3) for an appreciable period of time, however brief."); *see also Cruz v. HomeBase*,

6    83 Cal. App. 4th 160, 165–66 (2000) ("Here [the plaintiff's] false imprisonment . . . claim[]

7    raised issues separate and distinct from his battery claim.  The jury's prior finding that a battery

8    occurred did not compel conclusion in the second trial that [the plaintiff] was wrongly detained . .

9    . .  The legal elements and facts on which each tort rested were separate and distinct.").

10          Similarly, the Bane Act is "intended to address only egregious interferences with

11   constitutional rights, not just any tort" and "[t]he act of interference with a constitutional right

12   must itself be deliberate or spiteful" to establish a violation.  *Shoyoye v. Cnty. of Los Angeles*, 203

13   Cal. App. 4th 947, 959–61 (2012) (reversing a judgment for violation of the Bane Act but

14   affirming the judgment as to the tort claim because although the elements for a common law tort

15   were satisfied, the evidence did not establish the Bane Act's requirement that the conduct be

16   "intentionally coercive and wrongful").  Indeed, a Bane Act claim is more akin to an action

17   brought under 42 U.S.C. § 1983.  *See Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022)

18   ("The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim,

19   with the added requirement that the government official had a 'specific intent to violate' a

20   constitutional right.") (citation omitted).

21          The Ralph Act, together with the Bane Act, has been described as providing "a civil

22   remedy for hate crimes."  *Ventura v. ABM Indus. Inc.*, 212 Cal. App. 4th 258, 270 (2012).

23   Establishing a Ralph Act claim requires threatened or committed acts of violence that are

24   motivated by the defendant's perception of a protected characteristic, *Farmer v. Cnty. of*

25   *Calaveras*, No. 1:18-cv-00009-DAD-SAB, 2018 WL 1919900, at *4 (E.D. Cal. Apr. 24, 2018),

26   but there is no similar motivation requirement when asserting legal claims for assault and battery.

27   *Compare id. with Acevedo*, 2019 WL 3003996, at *4–5.  Thus, plaintiff's contention that these

28   separate, newly alleged, legal theories are merely another form of his assault and battery claim,

1   and consequently, that his newly added claims fall under the permissible scope of the leave to

2   amend granted by the court, is meritless.

3        At bottom, the leave granted by the court with respect to the addition of any new claims

4   was explicitly limited to the addition of state law battery and assault claims, not to any claim that

5   might be colorable based on the facts alleged in the previous iteration of plaintiff's complaint.

6   (Doc. No. 126 at 12.)  Accordingly, all of plaintiff's new claims added to his 4AC, except for his

7   state law battery claim, will be stricken as improperly asserted without leave of court and contrary

8   to this court's prior order.  *See Ketab Corp.*, 2015 WL 8022874, at *8; *Mohamed v. Cnty. of*

9   *Sacramento*, No. 2:16-cv-01327-JAM-EFB, 2017 WL 772145, at *4 (E.D. Cal. Feb. 28, 2017)

10  (dismissing new state law breach of contract claim that was added to an amended complaint

11  because "the Court did not grant leave to amend to add a new claim"); *Jameson Beach Prop.*

12  *Owners Ass'n v. United States*, No. 2:13-cv-01025-MCE-AC, 2014 WL 4925253, at *4 (E.D.

13  Cal. Sept. 29, 2014) (striking several new claims added in an amended complaint where the

14  court's prior order on a motion to dismiss only granted leave to amend as to one remaining claim

15  and without leave to amend as to all other claims).  Therefore, defendants' motion to

16  dismiss/strike will be granted in this respect.

17  **B.     Motion to Dismiss**

18       In addition, defendants raised an alternative argument in their pending motion that all of

19  plaintiff's state law-based claims, including the battery claim, are barred due to plaintiff's failure

20  to adhere to the procedural requirements of the CTCA including its time limitations.  (Doc. No.

21  128 at 4.)  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the

22  applicable statute of limitations only when 'the running of the statute is apparent on the face of

23  the complaint.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th

24  Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  Under

25  the CTCA, "[t]here are [] two procedural requirements when bringing a claim for personal injury

26  against a public entity:  (i) notice of claim is made to the public entity and (ii) if the claim is

27  denied, civil action must be filed within the statute of limitations period six months in this case."

28  *Saunders v. Garay*, No. 11-cv-06322-WHO, 2014 WL 4386727, at *2 (N.D. Cal. Sept. 4, 2014);

1   *see also* Cal. Gov. Code §§ 945.4, 945.6.

2          Here, plaintiff filed a written claim with defendants and received a notice of rejection—

3   attached to the 4AC—on January 29, 2019.  (Doc. No. 127-1.)  Plaintiff timely initiated this

4   action on July 26, 2019, and asserted a claim for "Assault and Battery" in the original complaint.

5   (Doc. No. 1 at 9.)  Even if that claim was not properly asserted, as defendants argue without any

6   legal support (Doc. Nos. 128 at 5; 132 at 3), state law claims can relate back to the filing date of

7   the original complaint when "based on the same general set of facts, same defendants, and the

8   same accident and injuries as the original complaint," as is the case here.  *Saunders*, 2014 WL

9   4386727, at *2.  Defendants' contention that the relation back doctrine does not apply to state law

10  claims involving the CTCA's procedures is not supported by any persuasive legal authority.  *Cf.*

11  *id.* at *2–3 (holding that the relation-back doctrine applied to the plaintiff's state law claims

12  asserted pursuant to the CTCA, even though they were not included in the original complaint and

13  thus were not filed within six months of receiving a notice of rejection from a public entity

14  defendant, because they were "based on the same general set of facts, same defendants, and the

15  same accident and injuries as the original complaint," which was filed within the CTCA's six-

16  month limitations period); *see also Knox v. City of Fresno*, No. 1:14-cv-00799-GSA, 2015 WL

17  5923531, at *4–5 (E.D. Cal. Oct. 9, 2015) (collecting cases reaching the same conclusion as

18  *Saunders*).  Accordingly, defendants' motion to dismiss/strike plaintiff's battery claim for failing

19  to comply with the CTCA's procedural requirements will be denied.

20                                              **CONCLUSION**

21          For the reasons explained above,

22  1.      Defendants' motion to dismiss/strike (Doc. No. 128) is granted in part and denied

23          in part as follows:

24          a.      Plaintiff's sixth cause of action under the Bane Act; seventh cause of action

25                  under the Ralph Act; ninth cause of action for false arrest and false

26                  imprisonment; and the addition of a claim for violation of the First

27                  Amendment within the third cause of action are all dismissed without leave

28                  to amend;

                                                6

|   |   | b. | The court denies defendants' motion to dismiss plaintiff's eighth cause of action for battery; |

b. The court denies defendants' motion to dismiss plaintiff's eighth cause of action for battery;

2. This action now proceeds only on plaintiff's:

    a. First cause of action for an unlawful stop in violation of the Fourth Amendment against defendant Postolaki;

    b. Third cause of action for excessive use of force in violation of the Fourth Amendment against defendants Aspegren, Cano, Postolaki, and Nichols;

    c. Fourth cause of action for unlawful arrest in violation of the Fourth Amendment against defendants Aspegren, Cano, Postolaki, and Nichols;

    d. Fifth cause of action for *Monell* liability against defendants City of Vallejo and the City Council of the City of Vallejo; and

    e. Eighth cause of action for common law battery against defendants Aspegren, Cano, Postolaki, Nichols, and City of Vallejo;

3. Defendants shall file an answer responding to the remaining claims in this action no later than twenty-one (21) days after the date of entry of this order; and

4. Within fourteen (14) days after the date of entry of this order, the parties are directed to meet and confer and file the request to lift the stay on discovery and accompanying joint statement as ordered by the assigned magistrate judge's July 30, 2021 order staying discovery (Doc. No. 104).

IT IS SO ORDERED.

Dated:   **August 31, 2023**

UNITED STATES DISTRICT JUDGE