UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　Defendants. | No. 2:19–cv–1439–DAD–KJN<br><br>ORDER TO SHOW CAUSE |

Currently pending before the undersigned is a motion to compel production of a Rule 30(b)(6) deponent (ECF No. 141) and motion for reconsideration of the court's prior order denying an extension of fact discovery (ECF No. 142). These matters were filed on October 30, 2023, and set for a hearing on November 28, 2023, before the undersigned.[1]

Plaintiff is now ordered to show cause, by November 21, 2023, why sanctions should not issue for counsel's repeated failure to follow the court's orders and local rules.

///
///
///
///

---

[1] These motions are referred to the undersigned by operation of Local Rule 302(c)(1).

1

**Discussion**

In August of 2023, the court granted defendants' motion to dismiss in part. Therein, the district judge found this case would proceed on three claims under 42 U.S.C. § 1983 for alleged violations of plaintiff's Fourth Amendment rights (Claims I. Unlawful Detention; III. Excessive Force; and IV. Unlawful Arrest), as well as a Monell claim attached to the three § 1983 claims (V. Unconstitutional Policy or Custom and Failure to Train); and a battery claim. See ECF Nos. 126 (Judge Drozd's Order on the third amended complaint ("3AC"), expounding on the scope of plaintiff's claims); 134 (Judge Drozd's Order on the fourth amended complaint ("4AC")). As part of this last order, the parties were directed to, by September 14, 2023, "meet and confer and file the request to lift the stay on discovery and accompanying joint statement as ordered by the assigned magistrate judge's July 30, 2021 order staying discovery." (ECF No. 134 at 7.)

On September 14, 2023, plaintiff requested the discovery stay be lifted, which the undersigned granted. (ECF Nos. 135, 139.) Plaintiff also briefly requested the court "reinstall the prior [] motion to compel Nyhoff for deposition or alternative pmk for Monell, motion to extension discovery because new causes of actions acted [sic]," and requested "limited discovery to reopened for 4 months" [sic]. (ECF No. 135.) The court found plaintiff's broad request to reopen discovery was inappropriate given discovery was closed and the only new claim allowed in the 4AC was a battery claim, which was part and parcel with plaintiff's excessive force claim. (ECF No. 139 at 5.) Regarding the PMK deposition, the court found the matter not properly before it, as it was "impossible to tell what Monell-related topics are still outstanding given the paucity of briefing on this specific issue." (Id.) The court directed the parties to confer over the scope of any forthcoming PMK deposition, noting that such a deposition should be held so the deponent can "speak to the allegedly unlawful policies, practices, and customs asserted in the fourth amended complaint." (Id.) The court instructed the parties to submit a stipulation on this matter should they agree, and if not, instructed plaintiff to "file a motion to compel focused specifically on this issue." (Id.) (emphasis added). The court directed the parties to follow the procedures outlined in Local Rule 251. (Id.) This aligned with the court's prior orders. (See ECF No. 104 (requiring a joint statement from the parties on the course of discovery once the

2

pleadings were settled).)

On October 30, 2023, plaintiff filed three separate sets of documents on the court's docket: a "Memorandum for motion to compel defendant to destinate [sic] another pmk and produce City Council for deposition" (ECF No. 140); a "Motion to Compel City to destinate [sic] another PMK and to produce city counsel for deposition" (ECF No. 141); and a "Motion for Reconsideration re reopending [sic] discovery" (ECF No. 142). Defendants opposed, and on November 13, plaintiff filed a reply brief and request for judicial notice. (ECF Nos. 144, 145.) Plaintiff's filings constitute over 1,000 pages of briefing, declarations, exhibits, and multiple copies of a full deposition transcript. (See Id.) With these filings and associated conduct, plaintiff continues to flout the court's rules and orders.

First, to raise a discovery dispute, Local Rule 251(a) only requires the filing of a brief motion and notice of motion, specifically stating "no other documents need be filed at this time." Despite this fact, counsel for plaintiff has filed over 1,000 pages of documents, exhibits, and other papers alongside her motions. (See ECF Nos. 140, 141, 142, 144, 145.) Second, L.R. 251(b) requires the parties confer prior to the filing of any discovery motion. Despite this fact, counsel for plaintiff asserts in her declaration that she did not confer with defense counsel on the scope of any rescheduled PMK deposition prior to filing the motion to compel. (ECF No. 140-1 at ¶ 2.) Third, L.R. 251(a) requires the parties to continue conferring, then file a joint statement within 14 days of the hearing. Here, while the parties briefly conferred after plaintiff filed the motions, the deadline for plaintiff to submit a joint statement has passed without any such filing.[2] See Local Rule 251(c) (requiring the moving party to file the joint statement, noting the joint statement shall include all points and authorities, and ordering that "no separate briefing shall be filed."). Fourth, despite the fact that one of the disputes concerns the scope of a previous PMK deposition, the Local Rules are clear that only "[p]ertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise." L.R. 133(j)

---

[2] This Local Rule grants the court the authority to vacate the hearing from the calendar without prejudice if no joint statement is filed. However, as the case requires active management on the court's part in order for the parties to move closer to a resolution, the undersigned will not vacate the hearing at this time. Instead, the court will resolve the issues on the merits on November 28th.

(emphasis added) (noting deposition transcripts are not to be filed through CM/ECF).

Counsel for plaintiff has been warned—repeatedly—by the undersigned and other judges of this court—that such conduct is unacceptable for a member of the bar. (See ECF Nos. 63 (undersigned's order noting counsel's failure to meet a filing deadline and ordering conferral on outstanding discovery matters prior to submitting lengthy motions to the court); 91 (noting plaintiff's failure to meet discovery deadlines as ordered by Judge Mueller); 92 (reminding counsel of the admonition against ex parte contact with the court); 95 (resetting plaintiff's motion because counsel failed to follow the court's local rules regarding timing of the motion); 126 (District Judge Drozd'z order noting counsel's repeated failure to amend the complaint in conformity with the law and court's instructions); 134 (District Judge Drozd'z order noting plaintiff's attempt to amend was "contrary to the court's prior order"). Despite these previous attempts to accommodate plaintiff, counsel appears unwilling to follow the court's rules and orders. Thus, counsel for plaintiff is ordered to show cause why sanctions should not issue for her failure to follow the court's orders regarding the pending motions. See Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir. 1995) (noting the court has the inherent power to manage its own proceedings and to "discipline the members of the bar who appear before it"); see also Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996) (noting the court's discretion under its inherent power to fashion an appropriate sanction). Also, counsel for plaintiff shall show cause why sanctions should not lie under 28 U.S.C. § 1927 for her failure to confer with defense counsel prior to the filing of the PMK discovery motion, as it appears she has done so for the purpose of unreasonably and vexatiously multiplying the proceedings in this court. See 28 U.S.C. § 1927 ("[A]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

////
////
////
////

      Accordingly, it is HEREBY ORDERED that plaintiff shall SHOW CAUSE in writing, by November 21, 2023, why sanctions should not issue.

Dated:  November 15, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lake.1439