1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOSEPH LAKE,                                    No.  2:19–cv–1439–DAD–KJN

12                    Plaintiff,                     ORDER

13           v.                                      (ECF Nos. 140, 141, 142, 146.)

14  CITY OF VALLEJO, et al.,

15                    Defendants.

16

17          Currently pending before the undersigned[1] are three motions from plaintiff concerning the

18  course of discovery in this case (ECF Nos. 140, 141, 142), defendants' opposition and request for

19  a protective order (ECF No. 143), and the court's order to show cause, with plaintiff's response,

20  regarding sanctions against plaintiff's counsel (ECF Nos. 146, 147, 148).  The court held a

21  hearing on these matters on November 28, 2023.

22          For the reasons discussed at the hearing and as stated below:  (I) plaintiff's request for

23  reconsideration on the reopening of discovery is DENIED; (II) the parties are ordered to confer

24  over the scope of plaintiff's attempts to depose a Rule 30(b)(6) witness, as outlined at the hearing

25  and in this order; and (III) plaintiff's counsel is SANCTIONED $750 under the court's inherent

26  powers and 28 U.S.C. § 1927.

27

28  _____

[1] This matter was referred to the undersigned pursuant to Local Rule 302(c)(1).

**Background and Procedural Posture**

Plaintiff filed his complaint in July of 2019, naming as defendants the City of Vallejo, the Vallejo Police Department, and 5 Doe officers.  Plaintiff asserted claims under 42 U.S.C. § 1983, alleging various theories under the Fourth Amendment including malicious prosecution, unlawful stop, detention, search and seizure, state created danger, and assault and battery/excessive force. (ECF No. 1.)  Defendant City answered, and the court entered a scheduling order requiring:  (i) an amended complaint be filed by February 28, 2020; (ii) fact discovery be completed by August of 2020; and (iii) expert discovery be completed by October of 2020.  (ECF Nos. 8, 14.)  The parties proceeded to exchange discovery beginning in January of 2020.  (See ECF No. 136.)

Plaintiff filed an amended complaint on March 24, 2020, asserting similar claims against Officers Aspergren, Postolaki, Cano, and Nichols and adding two additional claims: a "Public Entity Vicarious Liability" claim under Cal. Gov. § 815.2(a) against the City, the Vallejo Police Chief, Vallejo City Manager, City Council, and Vallejo Police Department; and a Monell claim against the City, City Manager, Police Department, and City Council.  (ECF No. 21.)  Defendants moved to strike the complaint as untimely, given that it was filed a month after when the district judge ordered.  (ECF No. 23.)  Plaintiff requested leave to file a second amended complaint. (ECF No. 25.)  Chief District Judge Mueller took these matters under submission in June of 2020. (ECF No. 33.)  In August, the parties stipulated to extend the fact and expert discovery deadlines until November of 2020, which the court granted.  (ECF No. 36, 38.)

In November of 2020, plaintiff filed seven discovery-related motions.  (ECF Nos. 47, 48, 49, 50, 52, 53, 54, and 57.)  The undersigned granted plaintiff until March of 2021 to depose defendant Aspergren.  (ECF No. 63.)  The court denied without prejudice plaintiff's motion to compel the deposition of City Manager Nyhoff and a "person most knowledgeable" ("PMK") regarding the City's police policies, customs, and practices, reasoning that because the district judge had yet to rule on whether the complaint stated a cognizable Monell claim, discovery on this issue should be held in abeyance until the pleadings were settled.  (Id.)  The undersigned also noted counsel's failure to meet a filing deadline for this motion, reminding that the parties must confer on discovery matters prior to submitting lengthy motions to the court.  (Id.)

1    In December of 2020, Judge Mueller granted plaintiff's request for leave to amend,

2    finding good cause given the effects of the COVID-19 pandemic.  (ECF No. 66.)  Plaintiff filed

3    his second amended complaint in January of 2021, asserting similar § 1983 claims against the

4    same four officers plus one additional officer (in both their individual and official capacities), as

5    well as Section 815.2 claim and Monell claim against the City, City Council, City Manager

6    Nyhoff, and Police Chief Bidou.  (ECF No. 69.)  Defendants moved to dismiss on multiple

7    grounds, seeking dismissal of all official-capacity and Monell styled claims as well as portions of

8    the individual-capacity claims.  (ECF No. 74.)  Plaintiff again requested leave to amend the

9    complaint.  (ECF No. 80.)  Judge Mueller extended the fact discovery deadline to July 30, 2021,

10   pursuant to the parties' stipulation.  (ECF No. 76.)

11   In April of 2021, defendants moved to strike two of plaintiff's rebuttal expert witnesses as

12   untimely.  (ECF No. 80.)  The undersigned concurred, finding plaintiff failed to meet the initial-

13   disclosures deadline (after being granted a short extension), and the experts' proposed testimony

14   was not true rebuttal testimony (as argued by plaintiff).  (ECF No. 91.)

15   In May of 2021, defendants produced Lt. Ramrakha as a PMK on a limited number of

16   topics regarding the City's police practices.  (See ECF No. 98 at 2.)  In June of 2021, plaintiff's

17   counsel called the undersigned's chambers requesting, among other things, an informal discovery

18   conference or a chance to talk directly with the undersigned about this case; the undersigned

19   reminded plaintiff's counsel (by order) of the undersigned's rules for informal conferences as

20   well as the prohibition against ex parte contact with the court.  (ECF No. 92.)

21   In July of 2021, plaintiff again moved to extend the discovery deadlines and to compel

22   production of another PMK.  (ECF Nos. 93, 98.)  Defendants objected to producing City Manager

23   Nyhoff or another PMK on "certain categories," given the pendency of the motion to dismiss on

24   the second amended complaint regarding the Monell and Negligent Training claims.  (See ECF

25   No. 93.)  The undersigned reset plaintiff's scheduling motion to conform to Local Rule 230,

26   noting plaintiff's failure to follow the timelines in the rule.  The court also noted plaintiff's failure

27   to follow Local Rule 251 for the motion to compel, citing plaintiff's noticing of the hearing after

28   the close of discovery as well as plaintiff's decision to file "a fully-briefed motion and over 200

3

1  pages of exhibits." (ECF No. 104 at 2.)  On July 30, 2021, instead of denying plaintiff's motions,

2  the court stayed all discovery in the case until the pleadings were set, noting the uncertain state of

3  whether a <u>Monell</u> claim was cognizable.[2]  (<u>Id.</u>)  In so doing, the undersigned ordered that once

4  the district court resolved the <u>Monell</u> pleadings issue, the parties should confer on the scope of the

5  remaining discovery and request the discovery stay be lifted.  (<u>Id.</u>)  The court ordered the parties

6  to file a joint statement and re-address, if necessary, arguments regarding the discovery deadlines

7  and another PMK deposition.  (<u>Id.</u>)

8        In August of 2022, the case was reassigned from Chief District Judge Mueller to District

9  Judge Drozd.  (ECF No. 106.)  Between then and January of 2023, plaintiff was granted leave to

10  amend, filed a third amended complaint, and drew another motion to dismiss from defendants.

11  (<u>See</u> ECF Nos. 112-122.)  On June 20, 2023, Judge Drozd granted defendants' motion in part and

12  denied in part, dismissing (among other claims) plaintiff's <u>Monell</u> claims due to a lack of

13  allegations of multiple incidents.  (ECF No. 126 at 14.)  Relevant here, Judge Drozd construed

14  plaintiff's <u>Monell</u> claim as asserting two theories:  that the City has "(i) engaged in an allegedly

15  unconstitutional policy or custom of arresting, through the use of excessive force, and charging

16  suspects when those suspects refuse to provide their identification when requested by police"; and

17  "(ii) failed to adequately train officers in de-escalation techniques or failed to hire officers trained

18  in such de-escalation techniques." (ECF No. 126 at 14.)  In resolving the 3AC, Judge Drozd

19  noted counsel's repeated failure to amend the complaint in conformity with the law and the

20  court's instructions.  (<u>See id.</u>)  However, plaintiff was granted leave to amend; he then filed a

21  fourth amended complaint and drew yet another motion to dismiss.  (<u>See</u> ECF Nos. 127-133.)

22        On August 31, 2023, Judge Drozd granted defendants' motion to dismiss in part and

23  denied in part.  (ECF No. 134.)  Plaintiff's Bane Act, Ralph Act, false arrest and false

24  imprisonment, and First Amendment claims were dismissed for failure to follow the court's prior

25  orders; plaintiff's reasserted <u>Monell</u> claims went unchallenged by defendants.  (<u>See</u> ECF No.

26  128.)  Thus, Judge Drozd found:

27  ────────────────

28  [2] In March of 2023, the assigned district judge denied all pending discovery motions in order to
clean up the docket, given the continued fight over the pleadings.  (ECF No. 124.)

This action now proceeds only on plaintiff's:

    a.  First cause of action for an unlawful stop in violation of the Fourth Amendment against defendant Postolaki;

    b.  Third cause of action for excessive use of force in violation of the Fourth Amendment against defendants Aspegren, Cano, Postolaki, and Nichols;

    c.  Fourth cause of action for unlawful arrest in violation of the Fourth Amendment against defendants Aspegren, Cano, Postolaki, and Nichols;

    d.  Fifth cause of action for <u>Monell</u> liability against defendants City of Vallejo and the City Council of the City of Vallejo; and

    e.  Eighth cause of action for common law battery against defendants Aspegren, Cano, Postolaki, Nichols, and City of Vallejo[.]

(ECF No. 134.)  In resolving the 4AC, Judge Drozd generally noted counsel's attempt to amend was "contrary to the court's prior order."  (<u>Id.</u>)

       Defendants answered shortly thereafter, and plaintiff requested the discovery stay be lifted (which the undersigned granted).  (ECF Nos. 135, 137, 139.)  Alongside the request to lift the discovery stay, plaintiff also briefly requested the court "reinstall the prior [] motion to compel Nyhoff for deposition or alternative pmk for <u>Monell</u>, motion to extension discovery because new causes of actions acted [sic]," and requested "limited discovery to reopened for 4 months" [sic]. (ECF No. 135.)  The parties also submitted a joint statement, and defendants opposed any further reopening of discovery aside from expert discovery.  (ECF Nos. 136, 138.)  The undersigned found plaintiff's broad request to reopen discovery inappropriate, given that fact discovery had been closed since July 31, 2021, and the only new claim allowed in the 4AC was a battery claim, which was part and parcel with plaintiff's excessive force claim.  (ECF No. 139 at 5.)  Regarding the PMK deposition, the court found the matter not properly before it, as it was "impossible to tell what <u>Monell</u>-related topics are still outstanding given the paucity of briefing on this specific issue."  (<u>Id.</u>)  The court directed the parties to confer over the scope of any revisited PMK deposition, noting conferral was needed so the deponent can "speak to the allegedly unlawful policies, practices, and customs asserted in the fourth amended complaint."  (<u>Id.</u>)  The court instructed the parties to submit a stipulation on this matter should they agree, and if not,

instructed plaintiff to "file a motion to compel focused specifically on this issue."  (Id.)  The court directed the parties to follow the procedures outlined in Local Rule 251.  (Id.)

On October 30, 2023, plaintiff filed three separate sets of documents on the court's docket:  a "Memorandum for motion to compel defendant to destinate [sic] another pmk and produce City Council for deposition" (ECF No. 140); a "Motion to Compel City to destinate [sic] another PMK and to produce city counsel for deposition" (ECF No. 141); and a "Motion for Reconsideration re reopending [sic] discovery" (ECF No. 142).  Defendants opposed, and plaintiff filed a reply brief and request for judicial notice.  (ECF Nos. 143, 144, 145.)  On November 15, 2023, the court issued an order to show cause why plaintiff's counsel should not be sanctioned for her repeated failure to follow the court's rules and orders.  (ECF No. 146.)  Therein, the undersigned found plaintiff's October 30th filings violated specific portions of Local Rules 251 and 133 and cited prior instances where the judges of this court noted counsel's failures to follow these and other rules and court orders.  (Id.)  Plaintiff responded to the order to show cause on November 21, 2023.  (ECF No. 147.)  On November 28, 2023, the undersigned held a hearing on plaintiff's motions and the issues raised in the order to show cause.

**Discussion**

**I.      Plaintiff's Request for Reconsideration re: Reopening of Fact Discovery**

In the order issued September 28, 2023, the undersigned denied plaintiff's "broad request to reopen discovery for 3-4 months."  (ECF No. 139 at 5.)  In doing so, the court reasoned:

> [T]he individual § 1983 claims against the four officers have been live since the first amended complaint.  Plaintiff's only additional claim against these officers in their individual capacity is the battery claim.  As defendants note, the standards of proof for a battery claim is the same as an excessive force claim under Section 1983.  Plaintiff presents no compelling argument why this discovery could not have been propounded prior to the closure of discovery in July of 2021.  Further, defendants note (and plaintiff does not appear to dispute) that written discovery on the individual claims was responded to in late 2020, and these four officers were deposed throughout 2020.  Thus, plaintiff's broad request is denied.

(Id. (citations omitted).)

Plaintiff now requests reconsideration of this order.  In so doing, plaintiff does not offer arguments regarding the court's reasoning on the battery claim, even though he requests full

1    reopening of discovery for 4-6 months.  Instead, plaintiff's motion for reconsideration appears to

2    focus on reopening discovery "for limited purposes the topic of <u>Monell</u>, AG investigatory of the

3    pattern, custom and practice, and for expert discovery."[3]  (ECF No. 142.)

4        The court has discretion to reconsider and vacate a prior order.  <u>Barber v. Hawaii</u>, 42 F.3d

5    1185, 1198 (9th Cir. 1994); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (same).  A

6    motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

7    district court is presented with newly discovered evidence, committed clear error, or if there is an

8    intervening change in the controlling law."  <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH</u>

9    <u>& Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up); <u>see also</u> Local Rule 230(j) (requiring that

10   a party seeking reconsideration of a prior order "made upon the same or any alleged different set

11   of facts" to argue, among other things, "(3) what new or different facts or circumstances are

12   claimed to exist which did not exist or were not shown upon such prior motion, or what other

13   grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time

14   of the prior motion").  "A motion for reconsideration must (1) demonstrate reasons why the court

15   should reconsider its prior decision and (2) set forth facts or law of a strongly convincing nature

16   to induce the court to reverse its prior decision."  <u>Morris v. McHugh</u>, 997 F. Supp. 2d 1144, 1172

17   (D. Haw. 2014); <u>see also</u> <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal.

18   2001) ("A party seeking reconsideration must show more than a disagreement with the Court's

19   decision, and recapitulation of that which was already considered by the Court in rendering its

20   decision."); <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925–26 (9th

21   Cir. 1988) (noting that motions for reconsideration are disfavored and are not the place for parties

22   to make new arguments not raised in the original briefs).

23       Here, plaintiff argues the court has discretion to reopen discovery and modify the

24   scheduling order because of new facts that could not have been known to plaintiff before the

25   court issued its September 28, 2023 order.  Plaintiff cites as the "new facts" a stipulated judgment

26

27   ───────────────

[3] Plaintiff's seeking of additional fact discovery related to the <u>Monell</u> claim—beyond a PMK
deposition—was not clearly presented in plaintiff's previous motion.  (ECF No. 136.)  While the
court explicitly left open the possibility for a PMK deposition on his <u>Monell</u> claims (<u>see</u> ECF No.

28   139 at 5 and Section II below), the previous order denied any further fact discovery.

1    entered into between the City of Vallejo/Vallejo Police Department and the California Attorney

2    General, which was memorialized on June 5, 2020, and submitted to the Solano Superior Court

3    on October 16, 2023.  (See ECF No. 142-1 at Ex. 2.)  This stipulated judgment calls for the

4    Vallejo Police Department "to collaborate on a comprehensive modernized policing plan that

5    included a review of 45 reform recommendations made by VPD's expert consultants . . . to

6    modernize VPD's current [use of force] policies and practices." (Id. at 3.)  Plaintiff states he

7    wishes to question the City Council or its PMK about this stipulated judgment (as well as

8    multiple other topics) "for the limited purposes" of investigating his Monell claim.  Plaintiff

9    believes his case was one of those investigated for the stipulated judgment.  (ECF No. 142 at 9.)

10          To the extent plaintiff requests reconsideration of the court's order denying reopening of

11   discovery for all purposes because of the existence of this stipulated judgment, he presents no

12   arguments demonstrating "newly discovered evidence, [the court's] clear error, or [] an

13   intervening change in the controlling law." Marlyn Nutraceuticals, 571 F.3d at 880.  The fact that

14   a stipulated judgment was entered into in October of 2023 has no bearing on whether plaintiff

15   could have obtained—while fact discovery was still open—facts underlying cases that may align

16   with his Monell theories (regardless of whether those cases were discussed during the stipulated

17   judgment negotiations), documents like personnel files of the officers or other logs and records

18   surrounding the incident in plaintiff's case.  Accordingly, this broad request is denied.  Northwest

19   Acceptance, 841 F.2d at 925–26.

20          Insomuch as plaintiff requests the court reconsider reopening discovery so he can conduct

21   a PMK deposition for the Monell claim, plaintiff appears to misconstrue the court's prior orders.

22   The court has consistently held this issue in abeyance, first placing any PMK deposition on hold

23   in July of 2021 until the pleadings were set (see ECF No. 104), then informing the parties in

24   September of 2023 to raise the issue with the court if no agreement was reached (see ECF No.

25   139).  Thus, to the extent plaintiff requests he be allowed to conduct further PMK depositions on

26   his two Monell theories, plaintiff need not request reconsideration because the undersigned never

27   denied this request.  The scope of any further PMK deposition(s) is discussed in Section II below.

28   ///

                                                  8

## II.    Plaintiff's PMK Deposition and Defendants' Request for a Protective Order

Turning to the matter of the PMK deposition regarding plaintiff's <u>Monell</u> claim, the court previously left this issue open to resolution because the pleadings had been in flux from the inception of the case in 2019 through the summer of 2023.  (<u>See</u> ECF No. 104.)  Once it became clear plaintiff would be allowed to proceed with his <u>Monell</u> claim, the undersigned granted a limited extension of fact discovery for plaintiff to revisit relevant topics in a PMK deposition. (ECF No. 139.)  The term 'revisit' is used here because defendants previously produced a Lt. Ramrakha in May of 2021, presumably by agreement of the parties, as a person most knowledgeable of the facts underlying plaintiff's then-disputed <u>Monell</u> claim.  Given this fact, on September 28, 2023, the undersigned ordered the parties "to confer over the scope of any further-needed PMK deposition," directing that if the parties could not come to an agreement, plaintiff was to file a motion to compel, following Local Rule 251, by October 30, 2023.  (<u>Id.</u> at 5-6.)  The court, being aware of the considerable vitriol displayed between counsel throughout this case, also instructed the parties to use the conferral as a chance to reset regarding their professional obligations.  (<u>Id.</u> at 6.)  Plaintiff filed a motion to compel on October 30th.  (ECF No. 141.)

Defendants now contend that, since the September 28th order, plaintiff's counsel has failed to confer over the scope of another PMK deposition or the propriety of Lt. Ramrakha's 2021 answers.  (ECF No. 143 at 5-7.)  Defendants argue that plaintiff did not submit the PMK topics counsel wishes to investigate until hours before submitting the motion to compel.  Defendants also argue the topics plaintiff proposes are irrelevant to plaintiff's <u>Monell</u> claim, and so the court should both deny counsel's motion to compel another deposition of Lt. Ramrakha and quash the notices of deposition on the Vallejo City Council, Mayor, City Attorney, or City Manager.  (<u>Id.</u> at at 7-11.)  Plaintiff's argument reaches back to when the issue was first raised in July of 2021, contending defendants have obstructed attempts to obtain discovery on the <u>Monell</u> claims since Lt. Ramrakha's May 2021 deposition.  (ECF No. 141.)  Plaintiff asserts the topics counsel wishes to inquire into—between 9-17 broad topics spanning from use of force policies and "pretextual stops" through the City's negotiation of a stipulated judgment with Attorney General Bonta in another case—are all relevant to the <u>Monell</u> claims.  (<u>Id.</u> at 6-7.)

### a. Plaintiff's Counsel's Failure to Confer

First, the court finds that plaintiff's counsel failed to reasonably confer with defense counsel over the proposed topics listed in the motion to compel.  Counsel baldly admits as much in her October 30th declaration, asserting "today is the last day to file so I am filing a motion." (ECF No. 141-1 at ¶ 2.)  Despite this admission, counsel for the parties appear to have exchanged emails and one phone call between October 16th and 30th.  (Id. at ¶¶ 7-10; ECF No. 143-1 at ¶¶ 2-8.)  The substance of these communications are as follows:

- October 16:  Plaintiff's counsel's email stating in full:  "I just heard on the radio about the AG Rob Bonta settlement with Vallejo Police Department, it's all over the radio and the news today. I left a message with the AG's office and waited for them to get back to me. I have not heard back from you about the Judge's order...on PMK etc."  (ECF No. 141-1 at 9.);

- October 17:  Plaintiff's counsel's email stating she "tried reaching out" to defense counsel the day before but had not heard back regarding the undersigned's September 28, 2023 order.  (ECF No. 143-1 at 5-6.);

- October 17:  Defense counsel's email refuting that plaintiff's counsel tried to "reach out," reiterating that the parties should confer over any rescheduled PMK deposition and with a list of topics plaintiff sought.  (Id. at 5.);

- October 24:  Plaintiff's counsel email requesting defendants produce the Vallejo mayor, city attorney, city manager, and interim police chief to discuss the October 16, 2023 stipulated judgement between Vallejo and the California Attorney General, plus "all information of the 20 incidents of excessive force by Vallejo PD used by Rob Bonta's office."  Therein, plaintiff asserts "Your prior pmk (Lt. Ramrakha) is not knowledgeable in fact he was not able to answer a lot of questions in prior deposition. Lt. Ramrakha is not most knowledgeable on Monell topics."  (ECF No. 141-1 at 18-19.);

- October 25:  Defense counsel's reply, asserting the October 24 email was not a proper conferral on the scope of the PMK deposition.  (Id. at 17.);

- October 27:  Plaintiff's counsel's email arguing that the city manager, the mayor, city council, and police chief were originally defendants; that plaintiff can use the stipulated judgment against defendants and "I guess we'll let the judge decide because you are refusing the PMK defendant (or the city manager who is a lower ranking official)"; that PMKs like the president of the U.S. can be deposed; that there generally were "a lot of objections" during Lt. Ramrakha's deposition; that mediation was appropriate and naming a dollar amount for settlement; and indicating that 12 other city and private attorneys should get involved in this case.  (Id. at 15-16.);

- October 27:  Defense counsel's email memorializing of counsels' phone call, contending that (a) plaintiff's counsel should not attempt ex parte contact with the city attorney; (b) all defendants save the four officers and the legislative body have been dismissed; (c) defendants are the ones to decide which individual would serve as a PMK based on the topics of information sought; (d) there were portions of Lt. Ramrakha's deposition where he did speak to use of force policies; and (e) the stipulated judgment topics are beyond the scope of plaintiff's <u>Monell</u> claims.  (<u>Id.</u> at 13-15.);

- October 30:  Plaintiff's counsel's email concluding the discussion was futile; arguing as to who the parties in the case are, what Lt. Ramrakha said and could not say, what the stipulated judgment requires; and that counsel's full arguments would be made in the motion to compel.  (<u>Id.</u> at 12-13.);

- October 30: Plaintiff's counsel's email notifying defense counsel of deposition for a City PMK, City Manager Nyhoff, or member of City Council, regarding 9-17 different topics.  (ECF No. 143-1 at 9-11.)

These emails demonstrate that plaintiff's counsel did not begin discussing the substance of any further PMK deposition until a week before the motion was due.  Importantly, nowhere does the undersigned see plaintiff's counsel's proposed topics listed in any detail until the October 30th email to defense counsel; even then, it is not clear how many topics plaintiff proposes or what are the scope of those topics.  (<u>See</u> ECF No. 141-1 at 12 (listing 9 topics pinned to the resolution in the stipulated judgment)); ECF No. 143-1 at 2-3 ¶ 9 (defense counsel noting the existence of 9 proposed topics); <u>Id.</u> at 9-11 (plaintiff's notice of PMK deposition appearing to list either 11 or 17 topics).)  Given this failure on plaintiff's counsel's part, the parties are ordered to continue conferring over any proposed topics.

**b.  Scope of a PMK Deposition**

To guide the parties in their conferral efforts, the court addresses plaintiff's arguments and makes the following findings.  Plaintiff contends Lt. Ramrakha is not a proper PMK for his <u>Monell</u> claims, but the scope of this argument is not clear.  At times, plaintiff focuses on whether the City has properly produced a PMK for his first theory:  that the Lieutenant "is not knowledgeable about the police pattern, customs and practices."  (<u>See</u> ECF No. 141 at 8 ("Lieutenant Sanjay Ramrakha whom plaintiff already deposed in May 2021 does not process knowledge about customs, patterns and practices of City of Vallejo's violation including Joseph

11

Lake's case.  He only teaches a few courses on training.").)  However, at other times plaintiff appears to contend Lt. Ramrakha was also unable to speak to the second <u>Monell</u> theory.  (See <u>id.</u> at 12 ("Furthermore, Lt Ramrakah [sic] evaded some of the plaintiff's questions or was unable to answer questions.  The deposition was riddled with objection and even Lt Ramrakah [sic] said that he did not train the individual officers and that he does not know about Joseph Lake's case.").  Plaintiff also asserts Lt. Ramrakha is not knowledgeable on matters such as the City's budgeting process, the stipulated judgment between the City and California Attorney General in the other case, or the City Mayor's perspective on the body cam footage of plaintiff's interactions with Vallejo P.D. in 2018.  Plaintiff then requests the court's blessing in compelling other individuals to appear at a PMK deposition, including Vallejo City Manager Nyhoff, the Vallejo City Attorney, Mayor and/or City Council Members.  (See <u>id.</u>)

While the scope of discovery under the federal rules is broad, it is not unlimited.  Under Fed. R. Civ. P. 26(b), the scope of a PMK deposition must be relevant to plaintiff's two <u>Monell</u> theories and proportional to the needs of the case.  According to Judge Drozd's June 20, 2023 order, plaintiff's case proceeds on two theories under <u>Monell</u>:  whether the City has "(i) engaged in an allegedly unconstitutional policy or custom of arresting, through the use of excessive force, and charging suspects when those suspects refuse to provide their identification when requested by police"; and "(ii) failed to adequately train officers in de-escalation techniques or failed to hire officers trained in such de-escalation techniques."  (See ECF No. 126 at 14 (Judge Drozd's order on plaintiff's 3AC.[4])  In May of 2021, Lt. Ramrakha was made available to speak to "Vallejo Police Department Use of Force policy No. 300 in effect at the time of June 27, 2018, and the

---

[4] In this order, the court construed plaintiff's <u>Monell</u> claims in this way given the allegations surrounding plaintiff's interactions with the individual officers in July of 2018 that gave rise to his three § 1983 claims.  (ECF No. 126.)  However, the <u>Monell</u> claim was dismissed because the 3AC failed to allege non-conclusory facts indicating the July 2018 incident was more than an isolated incident.  (<u>Id.</u>)  Plaintiff referenced in briefing four cases that allegedly support his custom and failure to train allegations.  (<u>Id.</u>)  Judge Drozd instructed plaintiff to cite these or other cases when amending, but the 4AC does not appear to do so.  (See ECF No. 127.)  However, and perhaps seeing the writing on the wall, defendants did not challenge this failure in their motion to dismiss the 4AC.  (See ECF No. 128.)  Regardless, as discussed here, plaintiffs <u>Monell</u> claims are pinned to the facts of his case, as construed by Judge Drozd's June 2023 order, and so the undersigned issues this discovery order with these confines in mind.

training generally provided thereunder during that timeframe as to carotid holds, de-escalation and takedowns."  These topics appear to align with plaintiff's second Monell theory, and so questioning of Lt. Ramrakha on these topics appears appropriate.  With this in mind, the court finds many of the topics discussed in plaintiff's counsel's October 30th 5:47 p.m. email, many of the 17 topics described in plaintiff's "Notice of Deposition Person(s) Most Knowledgeable," and counsel's assertions in the response to the order to show cause, go well beyond the scope of plaintiff's two Monell theories.  (See ECF Nos. 141-1 at 5-6; 143-1 at 9-11; 147 at ¶¶ 6, 10, 12, 13, 20, 24, 27.)

First, plaintiff's efforts in seeking to depose a PMK on "the agreement made with the California Attorney General" is an inappropriate fishing expedition.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in fishing expeditions.").  The only connection between his case and the subject of the stipulated judgment that plaintiff attempts to make is his belief that his case was one of the cases discussed in the negotiations.  But plaintiff knows the details of his case and need not explore what others think about it in order to assert his claims.  To the extent plaintiff argues the City may have discussed other excessive-force cases during the negotiations behind the stipulated judgment, plaintiff can do his own research into publicly available cases.[5]  Counsel is not permitted to dig into a stipulated judgment so that she can utilize the Attorney General's efforts in a different matter in order to make out plaintiff's case for him.  See, e.g., Lee v. Stonebridge Life Ins. Co., 2013 WL 3889209, at *2 (N.D. Cal. July 30, 2013) (declining to order counsel's fishing expedition where plaintiff wished to look at the entirety of defendants documents to then determine what subset of information it would use to find additional evidence, and noting the routine process generally used to conduct this kind of discovery that counsel failed to follow).

---

[5] The court notes that because plaintiff did not cite specific cases in the 4AC—despite being ordered to do so by Judge Drozd—it is unclear what other cases plaintiff intends to discuss with the PMK regarding any such alleged custom.  However, defendants did not challenge the Monell claim in its last motion to dismiss, and so the fact remains that these theories are alive in this case.  Thus, when the parties confer, they should agree to confine the scope of this line of questioning to other cases with similar facts as plaintiff's 2018 encounter, as is either publicly available or a part of the universe of information already disclosed between the parties.

Second, the phrasing of many of the topics plaintiff seeks (to the extent plaintiff intends them to be distinct from the stipulated judgment) are forward looking.  (See id. (defining topics related to the CAB and POAC oversight, development of future policies and training, and auditing of these future efforts).)  The 4AC seeks damages, attorney's fees, and costs—and does not seek injunctive relief.  (ECF No. 127 at 44.)  In proposing these topics, plaintiff appears to confuse the subject of any PMK (i.e. the City's (i) past customs regarding its officers' interactions with anonymous citizens and (ii) officer training in de-escalation techniques) with actions the City might take to rectify any such concerns.  Plaintiff is not an elected official in Vallejo; he has authority to investigate the City's practices and customs as they were in prior years, and if the resolution of this case results in the reforms he seeks, that is for the City to decide.  But it does not give plaintiff a license to insert himself into the City's budgeting process, or inquire into the Mayor's thoughts on his case.  These topics extend beyond the scope of the allegations and relief sought, and so are irrelevant to the claims and relief sought and disproportionate to the needs of this case.  Fed. R. Civ. P. 26(b); Rivera, 364 F.3d at 1072; see also, e.g., Patridge v. United States, 923 F.2d 862 (9th Cir. 1991) ("Presented with only the bare assertion that the information . . . was in the hands of the government, the district court did not abuse its discretion in declining to authorize a fishing expedition . . . .").

That is not to say plaintiff's broad list of 17 topics is wholly irrelevant to his two Monell theories.  The court will not litigate plaintiff's case for him, and instead instructs plaintiff to focus his topics on the City's alleged customs in 2018 (and similar time periods) concerning its officers' alleged customs of arresting, using force, and charging of citizens "who refuse to provide their identification when requested by police."  The court also leaves open whether any further deposition is required for plaintiff to investigate the City's training and hiring practices regarding its officers' knowledge and understanding of de-escalation techniques.  Plaintiff admits he was able to depose Lt. Ramrakha in May of 2021 on the City's training, and so it may be that plaintiff has collected all the information he needs on his Monell theories as they actually exist in this case.  However, plaintiff also noted areas where Lt. Ramrakha did not answer questions concerning its officers' training, so counsel gets one more chance to get this right.

Finally, plaintiff is reminded that once the PMK topics are conferred over and solidified, it is defendants' responsibility to put forth one or more individuals who are knowledgeable of the information sought.  See, e.g., F.C.C. v. Mizuho Medy Co., 257 F.R.D. 679, 681 (S.D. Cal. 2009) ("When a party receives a Rule 30(b)(6) deposition notice, it must designate a knowledgeable person to fully prepare and unevasively answer questions about the designated subject matter.") (internal citations omitted).  Thus, plaintiff does not get to choose who is defendants' PMK, absent a specific and targeted showing that such deponents have no knowledge of the information sought.  Plaintiff's broad arguments about the Apex doctrine are insufficiently developed at this time, and so any request to depose a higher-ranking member of the City is denied.  Part and parcel with this, defendants have a responsibility to make sure its PMK is fully prepared to "unevasively answer questions about the designated subject matter."  Id.; see also Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 524, 526 (C.D. Cal. 2008) ("With regard to choosing a deponent to speak on behalf of the corporation, companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions . . . .").

**c.  Timeline and Procedure for Resolving the PMK Deposition Issue**

Plaintiff's counsel shall submit to defense counsel, by noon on January 8, 2024, a bullet-point list of topics plaintiff seeks to explore in a PMK deposition.  This shall consist of:

-   If plaintiff proposes a topic that was already covered at the 2021 deposition of Lt. Ramrakha, but believes defense counsel obstructed the inquiry on a particular topic because the state of the pleadings was uncertain at that time, the bullet point for this topic shall list the page and line of the deposition and briefly state why Lt. Ramrakha's answer was insufficient.

-   Plaintiff may propose new topics that were not covered at the 2021 deposition—so long as they are narrowly tailored to the two Monell topics as construed by Judge Drozd and as found in Section II. b. above.

-   Plaintiff shall list the cases he wishes to cite as part of the Monell claim and briefly analogize why those cases are similar in fact pattern to plaintiff's case, so that the PMK is prepared to address them.

-   At no time shall plaintiff seek to depose a PMK on the topics barred by this

order.  This includes matters related to the stipulated judgment between the California Attorney General and the City; the City's budgeting process; the Mayor's perspective on this case; or any other topic outside the bounds of the Monell claim as construed by Judge Drozd.  A violation of this prohibition will result in severe sanctions.

Then, by January 15, 2024, the parties shall confer—in person or by phone—over the propriety of these topics and cases.  If this conferral results in the topics and cases being sufficiently defined, so that defense counsel can produce an informed PMK, defendants shall produce its PMK(s) within 30 days.  If the parties cannot reach an agreement on any topics/cases, they may submit the matter to the undersigned for resolution at an informal discovery conference.

### III.  Sanctions on Plaintiff's Counsel

Turning to plaintiff's counsel's violations of the court's local rules and previous orders, the undersigned finds sanctions are warranted.  In the November 15th order to show cause, the undersigned noted the court's authority under its inherent powers to sanction counsel, in order to "discipline the members of the bar who appear before it."  See Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir. 1995); see also Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996) (noting the court's discretion under its inherent power to fashion an appropriate sanction).  The undersigned also noted Congress's grant of authority to issue sanctions against counsel who unreasonably and vexatiously multiply the proceedings in the court.  28 U.S.C. § 1927 ("[A]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").  As detailed in the OSC, counsel violated multiple provisions of Local Rule 251 in filing the instant motions.

First, to raise a discovery dispute, Local Rule 251(a) only requires the filing of a brief motion and notice of motion, specifically stating "no other documents need be filed at this time." Despite this fact, counsel for plaintiff filed over 1,000 pages of documents, exhibits, and other papers alongside her motions.  (See ECF Nos. 140, 141, 142, 144, 145.)  Second, L.R. 251(b) requires the parties confer prior to the filing of any discovery motion.  The court reinforced this

requirement in its September 28th order, explicitly instructing the parties to follow the procedures outlined in Local Rule 251.  (ECF No. 139 at 6.)  Despite this fact, counsel for plaintiff asserts in her declaration that she did not confer with defense counsel on the scope of any rescheduled PMK deposition prior to filing the motion to compel.  (ECF No. 141-1 at ¶ 2.)  Further, as detailed in Section II above, counsels' email exchanges between October 16th and 30th do not approach the level of specificity required by law and the court's prior orders.  (See Section II, above.)  The first time plaintiff's counsel appears to propose specific topics for another PMK deposition is in her October 30th email and, hours later, the noticing of the deposition.  (ECF No. 141-1 at 12-13; ECF No. 143-1 at 9-11.)  Proposing specific topics for a PMK deposition are the start—not the end— of the kind of conferral required by the Federal and Local Rules and the undersigned's prior orders.  See Fed. R. Civ. P. 30(b)(6) (noting that a party requesting a PMK deposition "must describe with reasonable particularity the matters for examination " and, "before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination").  Third, and relatedly, L.R. 251(a) requires the parties to continue conferring after the filing of any motion, then file a joint statement within 14 days of the hearing.  Here, no conferral has occurred since she filed the motions on October 30th, and the 14-day deadline passed without a joint statement from the parties.  See Local Rule 251(c) (requiring the moving party to file the joint statement, noting the joint statement shall include all points and authorities, and ordering that "no separate briefing shall be filed.").  Fourth, despite the fact that one of the disputes concerns the scope of a previous PMK deposition, the Local Rules are clear that only "[p]ertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise."  L.R. 133(j) (emphasis added) (noting deposition transcripts are not to be filed through CM/ECF).  Plaintiff's counsel lodged Lt. Ramrakha's full deposition transcript three times on the court's docket.  (ECF Nos. 140-1; 141-1; and 142-1.)

This is not the first time plaintiff's counsel has been warned by the court to follow the court's Local Rules and orders.  As detailed in the order to show cause, counsel has been warned—repeatedly—by the undersigned and other judges of this court—that failure to follow

1  the court's rules and orders is unacceptable for a member of the bar.  (See ECF Nos. 63

2  (undersigned's order noting counsel's failure to meet a filing deadline and ordering conferral on

3  outstanding discovery matters prior to submitting lengthy motions to the court); 91 (noting

4  plaintiff's failure to meet discovery deadlines as ordered by Judge Mueller); 92 (reminding

5  counsel of the admonition against ex parte contact with the court); 95 (resetting plaintiff's motion

6  because counsel failed to follow the court's local rules regarding timing of the motion); 126

7  (District Judge Drozd'z order noting counsel's repeated failure to amend the complaint in

8  conformity with the law and court's instructions); 134 (District Judge Drozd'z order noting

9  plaintiff's attempt to amend was "contrary to the court's prior order").  Despite these previous

10  attempts to accommodate plaintiff's counsel, she appears unwilling to follow the court's rules and

11  orders.  Thus, monetary sanctions are appropriate under the court's inherent powers.  Mark

12  Indus., 50 F.3d at 732; Erickson, 87 F.3d at 303.

13          None of counsel's assertions in her response to the order to show cause alleviate the

14  court's concerns.  (ECF No. 147.)  Counsel asserts: (i) most of her cases are in state court (id. at

15  ¶ 2); (ii) she had previous negative encounters with defense counsel and makes litigation

16  decisions "knowing [her] history" with counsel (id. at ¶ 7-8); (iii) she previously submitted a joint

17  statement prior to the court's September 28th order and so her obligations under Local Rule 251

18  were met (id. at ¶¶ 11, 25); (iv) defense counsel is the one wasting the court's time by refusing to

19  provide discovery on the stipulated judgment, produce members of the City Council for

20  deposition, or allow the City Mayor to watch the bodycam footage associated with plaintiff's case

21  (id. at ¶¶ 13, 22); (v) defense counsel was tardy in responding to plaintiff's counsel's emails (id.

22  at ¶ 18); (vi) Local Rule 230(j) can be used for motions to reopen discovery (id. at ¶ 21);

23  (vii) defense counsel refuses to settle this case (id. at ¶ 23).[6]  Counsel also asserts she did not

24  deliberately intend to break any rules or to ignore the court's orders, and accepts she may be

25  sanctioned for failing to follow Local Rule 251.  (Id. at ¶ 30-32.)  However:  (i) the rules and

26  counsel's ethical obligations imputes a duty to be knowledgeable of the court's rules and allows

27  _____

28  [6] The court addresses counsel's arguments on the substantive aspects of discovery in Sections I and II above.

1    for sanctions if counsel fails to comply (Local Rules 180(e) and 110); (ii) the undersigned

2    cautioned the parties to use the conferral process as a chance to reset regarding their personal

3    obligations—caution plaintiff's counsel has disregarded in consistently referencing her history

4    with defense counsel; (iii) regardless of past submissions, the court explicitly instructed the

5    parties to follow Local Rule 251 to resolve the PMK issue; (iv) as discussed in Section II above,

6    defense counsel's position is not a "waste of time"; it demonstrates defendants' assertions of

7    nonfrivolous arguments; (v) the email chain indicates defense counsel promptly responded to

8    plaintiff's counsel's emails, so any lack of diligence falls on plaintiff's counsel here; (vi) while

9    counsel is correct that Local Rule 230(j) can be used for motions for reconsideration, the court

10   explicitly instructed the parties utilize the procedures outlined in Local Rule 251; and (vii) refusal

11   to settle a case is not sanctionable conduct, as it is in defendants' right to assess its liability and

12   press nonfrivolous arguments beneficial to the City's position.  The court appreciates counsel's

13   admission that she failed to follow portions of Local Rule 251, and so finds sanctions appropriate

14   under the court's inherent power for the conduct detailed above.  B.K.B. v. Maui Police Dep't,

15   276 F.3d 1091, 1108 (9th Cir. 2002), as amended (Feb. 20, 2002) (noting that "counsel's reckless

16   and knowing conduct . . . was tantamount to bad faith and therefore sanctionable under the court's

17   inherent power").

18        Further, it appears sanctions under 28 U.S.C. § 1927 are appropriate for counsel's bad

19   faith multiplication of the proceedings in this court.  Specifically, once the district judge found

20   plaintiff's Monell claims cognizable, the parties were required to submit a joint statement (if they

21   disagreed) over the propriety of any needed PMK deposition.  (ECF No. 134.)  They did so, but

22   the undersigned found the PMK matter could not be resolved given the paucity of the briefing.

23   (ECF No. 139.)  Thus, the court ordered the parties to confer over the scope of any needed PMK

24   deposition and submit a stipulation (if they agreed) or a targeted motion, following Local Rule

25   251, by October 30th.  (Id.)  Despite this last order, plaintiff's counsel did not make efforts to

26   confer in any substantive manner until a week before the October 30th deadline—and arguably did

27   not present a fully-formed argument with the complete list of proposed PMK topics until hours

28   before filing the motion.  (See ECF Nos. 141-1 at Ex. 1; 143-1.)  Critically, counsel appears to

avoid listing these topics in her emails leading up to the October 30th email and inserts settlement demands into the discussion.  (ECF No. 141-1 at 16.)  Further, counsel asserted in the OSC response her belief that the Mayor should watch the 2018 bodycam footage so this case will settle.  (ECF No. 147.)  This strongly indicates counsel intended to avoid discussion of the substantive issue ('define the PMK topics and confer over their propriety') and use unwarranted motion practice—contrary to the court's orders to confer in good faith before filing any motion— in order to unreasonably increase the cost of litigation for defendants and pressure them into settlement.  See Traylor v. U.S. Small Bus. Ass'n, 2023 WL 7297329, at *1 (9th Cir. Nov. 6, 2023) (finding no abuse of discretion where district court raised § 1927 sanctions sua sponte and provided offending party an opportunity to respond); see also, e.g., Strojnik v. Inn at Jack London Square, LLC, 2021 WL 11586330, at *3 (N.D. Cal. Apr. 19, 2021) (finding sanctions under 28 U.S.C. § 1927 appropriate where the vagueness in counsel's filings "appears designed to pressure defendants into settlement").  Thus, monetary sanctions under § 1927 are appropriate.

As to the form of sanctions, the court finds a monetary sanction on plaintiff's counsel to be sufficient at this time.  Regarding sanctions under the court's inherent powers, plaintiff's counsel is ordered to pay $750 to the Clerk of the Court.  This amount is due within 30 days of this order.  As to sanctions under § 1927, the statute allows for the court to order a party to satisfy "personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  These are to be paid in the form of attorneys' fees to defendants.  Defendants are ordered to submit counsel's attorney rates and hours expended in having to defend against this motion (i.e. the hours expended between November 1, 2023 and November 28, 2023).  Defendants have seven days to comply (or may file a declaration that they do not intend to seek such fees); the court will review the reasonableness of the hours and rates and issue its findings shortly thereafter.  Finally, plaintiff's counsel is warned that continued failure to follow the Federal Rules, the Local Rules, or the court's orders may result in more severe sanctions, which could include dismissal of claims or this case.

////

1

## **ORDER**

2        Accordingly, it is HEREBY ORDERED that:

3    1.      Plaintiff's request for reconsideration (ECF No. 142) is DENIED;

4    2.      Plaintiff's motion to compel the deposition of City Council Members, the City Mayor,

5            City Police Chief, City Attorney, or City Manager (ECF No. 141) is DENIED, and the

6            notices are QUASHED;

7    3.      The parties shall confer over the scope of a narrow PMK deposition, as discussed

8            above;

9    4.      Defendants shall submit its hours and rates to the court, for resolution of the court's

10           Section 1927 sanctions, within 7 days of this order; and

11    5.      Plaintiff's counsel is ordered to pay $750 to the Clerk of the Court within 30 days of

12           this order.

13 Dated:  November 30, 2023

14

15 lake.1439

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28