UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAKE,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF VALLEJO, et al.,<br><br>   Defendants. | No. 2:19-cv-01439-DAD-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE PLAINTIFF'S JOINT PRETRIAL STATEMENT AND EXHIBIT LIST<br><br>(Doc. No. 186) |

This matter is before the court on plaintiff's motion for administrative relief to file his joint pretrial statement and exhibit list filed on October 2, 2025. (Doc. No. 186.) For the reasons set forth below, the court will deny plaintiff's motion.

**BACKGROUND**

Plaintiff Lake brings this civil rights action against defendants City of Vallejo, City of Vallejo Police Department, Anthony Romero-Cano, Travis Aspegren, and Theodore J. Postolaki, asserting claims arising under 42 U.S.C § 1983 for unreasonable use of force and unlawful arrest in violation of the Fourth Amendment, and for common law battery. (Doc. No. 127.)

On August 14, 2025, the parties filed a joint pretrial statement. (Doc. No. 176.) The Final Pretrial Conference in this action was held on August 28, 2025. (Doc. No. 178.) On September 2, 2025, the court issued a tentative pretrial order. (Doc. No. 179.) On September 16, 2025,

1

plaintiff and defendants filed separate objections to the tentative pretrial order. (Doc. Nos. 183, 184.) On October 1, 2025, the court issued the final pretrial order governing the trial of this case. (Doc. No. 185.)

A day later, plaintiff's counsel filed the pending motion for administrative relief to file what is inaccurately characterized by counsel as a joint pretrial statement and exhibit list. (Doc. No. 186.) Through the pending motion plaintiff's counsel seeks to add numerous exhibits, one witness, and other material not reflected in the court's Final Pretrial Order of October 1, 2025. On October 6, 2025, defendants filed their opposition to the pending motion, and on October 8, 2025, plaintiff filed his reply thereto. (Doc. Nos. 188, 189.)

## LEGAL STANDARD

"The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). A district court should consider the following four factors to determine whether to modify a final pretrial order:

> (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted). "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Wilson v. Pan NorCal, LLC*, No. 2:18-cv-00660-KJM-KJN, 2023 WL 8788787, at *1 (E.D. Cal. Dec. 18, 2023) (citation omitted). Further:

> This standard is distinct from the standard that governs a party's request to modify a scheduling order under Rule 16(b). To modify a scheduling order, a moving party must demonstrate "good cause," the touchstone of which is the diligence in pursuing the modification. *See Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Although the "manifest injustice" standard is distinct from the "good cause" standard, a party's lack of diligence might undercut its attempts to prove "manifest injustice"; adverse consequences for a party's case are not the "manifest injustice" Rule 16(e) was designed to prevent, if those consequences arise from a lack of diligence. *WLD Investors, Inc. v. Xecom Corp.*, 35 Fed. App'x 609, 612 (9th Cir. 2002) (unpublished).

*Id.* at *2.

2

**ANALYSIS**

Plaintiff's counsel attaches a declaration to the pending motion explaining, in a somewhat convoluted manner, that she "thought we had to meet and confer on everything before efiling and Mr. James Cook had been meeting and conferring with Mr. Whitefleet while I work[ed] on another trial." (Doc. No. 186 at 5.) Yet, "[t]he parties were not able to meet and confer and I was not aware of the deadline." (*Id.*) This explanation reveals, at the very least, a lack of diligence on the part of plaintiff's counsel. Plaintiff's counsel signed the parties' actual joint pretrial statement, appeared at the Final Pretrial Conference, and filed objections on plaintiff's behalf to the court's tentative pretrial order. (Doc. Nos. 176, 178, 184.) At any of these various stages, counsel could have alerted the court to plaintiff's desire to add additional exhibits, a new witness, and other material to the Final Pretrial Order but did not. The results of plaintiff's lack of diligence does not constitute the manifest injustice that is required in order to justify modification of a final pretrial order. *Wilson*, 2023 WL 8788787, at *2 (citation omitted). As such, "[t]his case does not qualify as the type of exceptional situation required for modification under Rule 16(e)." *Jauregui v. City of Glendale*, 852 F.2d 1128, 1133 (9th Cir. 1988).

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for administrative relief to add a witness, exhibits and other material to the Final Pretrial Order (Doc. No. 186) is DENIED.

IT IS SO ORDERED.

Dated: **October 21, 2025**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3